UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LISA NASTASI, WIFE OF/AND                    CIVIL ACTION
GARY NASTASI

VERSUS                                       NO: 14-218

CHARLIE P. ILAWAN, D.D.S.,                   SECTION: R
APDC, d/b/a FAMILY DENTISTRY,
AND CHARLIE P. ILAWAN, D.D.S.

### ORDER AND REASONS

Defendants Charlie P. Ilawan, D.D.S. ("Ilawan") and Charlie P. Ilawan, D.D.S., APDC, d/b/a Family Dentistry ("Family Dentistry") (collectively, "defendants"), have filed a motion seeking to dismiss Lisa and Gary Nastasi's Title VII sex discrimination claims, as well as their Louisiana state law claims for sex discrimination, negligence, negligent infliction of emotional distress, and violations of the laws of the Parish of Washington. In the alternative, defendants move for partial summary judgment on these claims. After reviewing the briefs of all parties, the Court has determined that oral argument is not necessary.

Because both parties attach affidavits in support of their positions on the state and federal discrimination claims, the Court treats defendants' motion as one for summary judgment as to those claims only. The Court denies the motion as to plaintiffs' claims against Family Dentistry but grants summary judgment on the claims against Ilawan. The remainder of defendants' motion is properly treated as a motion to dismiss. The Court dismisses

plaintiffs' state law negligence claims against both Ilawan and Family Dentistry, but it denies as moot defendants' motion to dismiss plaintiffs' purported claim for violations of parish law, as plaintiffs have asserted no such claim.

## I.   BACKGROUND

In May 2012, Lisa Nastasi was hired as a dental assistant by Family Dentistry.[1] She alleges that she worked full time and reported to the Family Dentistry office located in Bogalusa, Louisiana.[2] During her employment, Ilawan was her immediate boss.[3] Nastasi alleges that within a month of her employment, Ilawan began to make unwelcome sexual advances towards her and that these physical and verbal advances became progressively more aggressive.[4] She alleges that she was constructively discharged when, after Ilawan forcibly grabbed and fondled her breasts, she found it necessary to leave her job.[5]

Nastasi filed charges of employment discrimination against the defendants with the Equal Employment Opportunity Commission

---

[1] R. Doc. 1-2 at 2.

[2] *Id.*

[3] *Id.* at 5.

[4] *Id.* at 4-5.

[5] *Id.* at 2,5.

("EEOC") and the Louisiana Commission on Human Rights.[6] On September 18, 2013, the EEOC issued a Dismissal and Notice of Rights to sue, entitling Nastasi to initiate a civil action against the defendants.[7] The notice indicated that the EEOC was closing its file on plaintiff's charges because "[t]he respondent employs less than the required number of employees or is not otherwise covered by the statutes."[8] Plaintiffs filed suit in Louisiana state court, and defendants removed the case to this Court.

## II.   STANDARD

To survive a Rule 12 (b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the

---

[6] *Id.* at 3.

[7] *Id.* at 2.

[8] R. Doc. 10-6.

plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the Court must dismiss the claim. *Twombly*, 550 U.S. at 555.

In reviewing a motion to dismiss, the Court is limited to the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). If the parties present matters outside the pleadings and the Court considers them, the Court must treat the motion as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d). A party can seek summary judgment at any time until 30 days after the close of all discovery. Fed. R. Civ. P. 56(b). Here, both parties attach affidavits to their briefs on this motion and rely on the

4

affidavits with respect to the state and federal discrimination claims. The Court therefore deems it appropriate to convert the motion to one for summary judgment as to those claims.

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court must draw all reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th

Cir. 1991)(citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325. *See also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).


**III. DISCUSSION**

    **A.   Title VII Claim Against Family Dentistry**

Title VII makes it unlawful for "employers" to discriminate against their employees based on sex. 42 U.S.C. § 2000e-2(a). The statute defines an "employer" as

> a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . .

42 U.S.C. § 12111(5)(A). Defendants contend that Family Dentistry did not have the requisite number of employees to qualify as an employer under the statute. In support of this assertion, they point to the EEOC's conclusion that Family Dentistry "employs less than the required number of employees or is not otherwise covered by the statutes."[9] Defendants also introduced the affidavit of Family Dentistry's office manager, Judy Perrette, who attested that "at no time did Employer employ fifteen (15) or more employees within this state for each working day in each of twenty or more calendar weeks in the current year 2013 or the preceding year 2012."[10]

Plaintiffs' complaint alleges that defendants "were 'employers' as defined by Section 701(b) of the Title VII of the civil Rights Act of 1964 . . . and are thus covered by and

---

[9] R. Doc. 10-6 at 1.

[10] R. Doc. 10-7.

subject to the provisions and mandates of Title VII.[11] It also alleges that Family Dentistry has two office locations: one in Bogalusa, and a second in Covington. Lisa Nastasi submitted an affidavit in which she makes the following assertion:

> It is my personal belief that at least fifteen people were employed by Carlito "Charlie" Ilawan, D.D.s., and/or Charlie P. Ilawan, D.D.S., a Professional Dental Corporation d.b.a. Family Dentistry at the time of my employment. My belief is based upon the fact that Family Dentistry has two office locations and each office location is fully staffed. That is, each office has clerical employees, dentists, dental hygienists, dental assistants and janitorial staff.[12]

Plaintiffs further indicate that "[a]bsolutely no discovery has been conducted whatsoever in this case, and the parties have waived the exchange of initial disclosures until this motion has been ruled upon."[13]  Because plaintiffs have not had the opportunity to depose Perrette or to request the production of Family Dentistry's personnel records, they contend that they lack the information necessary to support their opposition to defendant's motion for summary judgment.[14]

---

[11] R. Doc. 1-2 at 3.

[12] R. Doc. 16-1 at 3.

[13] Plaintiffs' Statement of Material Facts, R. Doc. 16-3 at 3; *See also* Plaintiffs' Memorandum in Opposition, R. Doc. 16 at 4.

[14] Plaintiffs also point out that the EEOC's letter does not specify whether the dismissal was based on the number of Family Dentistry employees or a determination that Family Dentistry "is not otherwise covered by the statutes." In any event, the EEOC's determination is not binding on this Court, *see Price v. Rosiek Const. Co.*, 509 F.3d 704, 708-09 (5th Cir. 2007), and it is

If a nonmovant shows by affidavit or declaration that, for specified reasons, he or she cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). The Rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Doores v. Robert Res., LLC*, CIV.A. 12-1499, 2013 WL 4046266, at *1 (E.D. La. Aug. 8, 2013) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). Rule 56(d) motions are "generally favored, and should be liberally granted." *Id.* (citing *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999)). To justify relief, the party opposing summary judgment must show (1) why he or she needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact. *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011).

Plaintiffs satisfy this standard. They identify the discovery they intend to seek and have explained how the information sought will resolve the question of whether defendants are covered by Title VII. Accordingly, the Court

---

impossible to tell whether the EEOC was aware of Family Dentistry's second location when it calculated the number of employees.

denies defendants' motion for summary judgment on this claim without prejudice.

**B.   Title VII Claim Against Ilawan**

Plaintiffs' petition for damages asserts that both Family Dentistry and Ilawan are "employers" as defined by Title VII.[15] Based on this statement, defendants believe that plaintiffs have asserted a Title VII claim against Ilawan in his individual capacity. Defendants seek summary judgment on this claim because "there is no individual liability under Title VII," citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002). Plaintiffs did not respond to this argument.

First, it does not appear that plaintiffs actually assert a Title VII claim against Ilawan individually. Paragraph 20 of the petition states that Family Dentistry–not Ilawan–"is responsible and liable as an employer for the actions of Defendant, Dr. Ilawan," in part because Ilawan "is a partial owner and/or partner of [Family Dentistry] and has the real authority to make personnel decisions." The petition further reads:

> Defendant, Dr. Ilawan, as a partner and/or manager and/or sole or partial owner in a business entity is deemed an agent of the entity *thus rendering the Defendant, [Family Dentistry], liable for the individual Defendant's*

---

[15] R. Doc. 1-2 at 3.

10

*wrongdoings* committed within the course and scope of his participation within this business.[16]

It appears that plaintiffs seek to hold Family Dentistry liable under *respondeat superior* for Ilawan's conduct to the extent that Ilawan acted as an agent of Family Dentistry. The statute defines "employer" to include any agent of an employer. 42 U.S.C. § 2000e(b). In construing the term "'any agent,' courts have found immediate supervisors to be employers under the Act when they have been delegated an employer's traditional rights, such as hiring and firing." *Humphreys v. Med. Towers, Ltd.*, 893 F. Supp. 672, 688 (S.D. Tex. 1995) (citing *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990)). The Fifth Circuit has concluded, however, that "Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Accordingly, an "agent" may qualify as an "employer" only when acting in his "official" capacity, and "finding an individual employee of a private corporation liable in his "official" capacity is tantamount to finding the corporation liable." *Humphreys*, 893 F. Supp. at 688. A plaintiff therefore may not assert claims against both her employer and the employer's agent in his official capacity because of the risk of

---

[16] *Id.* at 6 (emphasis added).

11

double recovery against the employer. *Smith*, 298 F.3d at 449 (citing *Indest*, 164 F.3d at 262). *See also Baldwin v. Layton*, 300 F. App'x 321, 323 (5th Cir. 2008) ("Individuals are not liable under Title VII in either their individual or official capacities.") (*quoting Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n. 1 (5th Cir. 2003)).

In accordance with the statutory framework, plaintiffs' petition names Family Dentistry as the responsible party for any Title VII violations that occurred while either defendant was acting as an employer within the meaning of the statute. It says nothing about individual liability. In an abundance of caution, however, the court grants defendants' motion to the extent that plaintiff seeks to recover from Ilawan under Title VII either individually or in his "official" capacity.

**C.   State Law Discrimination Claim Against Family Dentistry**

Defendants argue that the Court should grant summary judgment dismissing plaintiffs' sex discrimination claim under the Louisiana Employment Discrimination Law ("LEDL") because the LEDL applies only to employers who "employ[] twenty or more employees within [Louisiana] for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." La. Rev. Stat. § 23:302(2). The Court denies summary judgment on this claim for the same reasons it denies

summary judgment on plaintiffs' Title VII claim against Family Dentistry.

### D.    State Law Discrimination Claim Against Ilawan.

Defendants also seek dismissal of plaintiffs' LEDL claim against Ilawan individually. Unlike Title VII, the LEDL does not define "employer" to include the agents of an employer, and employer status turns on the source of the funds used to compensate the employee. *Griffith v. City of New Orleans*, CIV.A. 11-245, 2013 WL 2555787, at *5 (E.D. La. June 10, 2013) (citing *Dejoie v. Medley*, 9 So.3d 826, 830-31 (La. 2009). Defendants contend, and plaintiffs do not dispute, that Lisa Nastasi was compensated by Family Medicine and not by Ilawan. Accordingly, the Court grants summary judgment dismissing plaintiffs' LEDL claim against Ilawan with prejudice.

### E.    Claims for Negligence and Negligent Infliction of Emotional Distress

Defendants argue that plaintiffs' claims of negligence and negligent infliction of emotional distress are barred by the Louisiana Worker's Compensation Act. The Act provides the exclusive remedy for personal injuries caused by an employer's or coworker's negligence when those injuries arise out of and in the course of employment. La. Rev. Stat. §§ 23:1031 and 23:1032; *Chaffin v. John H. Carter Co., Inc.*, CIV.A. 96-2127, 1998 WL 19624, at *7 (E.D. La. Jan. 20, 1998). *See also* La. Rev. Stat. §

13

23:1021(8) (defining "personal injury" to include some forms of
mental injury).

Plaintiffs did not respond to this argument in their
opposition brief. Nor do they allege in their petition for
damages that Ilawan's negligence occurred outside the course and
scope of his employment. *Cf. Citizen v. Theodore Daigle & Bro.,
Inc.*, 418 So. 2d 598, 601 (La. 1982) ("[T]ort immunity does not
extend to a coemployee who was not engaged in the normal course
and scope of his employment at the time of the injury.")
Accordingly, the Court dismisses with prejudice plaintiffs'
negligence-based claims against both Ilawan and Family Dentistry.

## F.   Claims for Violations of the Laws of the Parish of Washington

Defendants seek dismissal of a claim they believe plaintiffs
have asserted for violations of the "laws of the Parish of
Washington." The petition states that defendants are liable for

> [a]ny and all other acts and/or omissions which may be shown
> at the trial of this matter, all of which are a direct
> violation of the laws of the State of Louisiana and the
> Parish of Washington.[17]

Plaintiffs make clear in their opposition that they currently are
not asserting any claim based on a violation of parish law.
Rather,

> [t]he sole purpose of this language is to provide Defendant
> with adequate notice that Plaintiffs reserve their right to

---

[17] R. Doc. 1-2 at 8.

14

make claims for damages based upon conduct and claims for relief that were unknown to Plaintiffs at the time the Petition for Damages was filed but that may be revealed through the course of these proceedings.[18]

Because plaintiffs do not assert a claim for violations of parish law, defendants' motion to dismiss such a claim is denied as moot.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for summary judgment on plaintiffs' claims against Family Dentistry but GRANTS summary judgment on the claims against Ilawan. The Court also GRANTS with prejudice defendants' motion to dismiss plaintiffs' state law negligence claims. Finally, the Court DENIES AS MOOT defendants' motion to dismiss plaintiffs' purported claim for violations of parish law, as plaintiffs have asserted no such claim.

New Orleans, Louisiana, this 13th day of May, 2014.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[18] R. Doc. 16 at 8-9.

15